UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.  2:07-CR-20069-01 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| HUGH SEBRON GRICE (01) | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion for Compassionate Release [doc. 144] filed by Hugh Sebron Grice. Mr. Grice seeks early release under 18 U.S.C. § 3582(c)(1)(A) based on his age and health history, in light of the COVID-19 pandemic. The government opposes the motion. Doc. 148.

## I.
### BACKGROUND

Following his conviction of possession of firearms in furtherance of drug trafficking crimes, a violation of 18 U.S.C. § 924(c), Mr. Grice was sentenced in this court on February 12, 2009, to a 360-month term of imprisonment. Docs. 61, 86, 89. His conviction and sentence were upheld on appeal and his motion to vacate under 28 U.S.C. § 2255 was denied on August 17, 2012. Docs. 111, 125.

Mr. Grice is currently incarcerated at the Federal Correctional Institute at Beaumont, Texas. He requests compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that he is at an increased risk of complications from COVID-19 because of his age (58 years old) and a history of heart disease, high blood pressure, and diabetes. Doc. 144. He also

notes that he has completed over half of his sentence and has maintained a good behavioral record since his incarceration in March 2007. *Id.* The government opposes the motion, on the grounds that Mr. Grice has not exhausted his administrative remedies with the Bureau of Prisons. Doc. 148.

## II.
## LAW & APPLICATION

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use this provision to directly petition the court for compassionate release. The court may only act, however, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the inmate is required to exhaust his administrative remedies with the BOP before bringing such a request to the court and exhaustion is a jurisdictional prerequisite for the court's ability to grant relief. *See, e.g.*, *United States v. Johnson*, 2020 WL 1663360, at *3–*6 (D. Md. Apr. 3, 2020); *United States v. Koons*, 2020 WL 1940570 (W.D. La. Apr. 21, 2020).

Mr. Grice does not indicate whether he has pursued administrative remedies through the BOP before making this request. The government represents that it confirmed that Mr. Grice "made a request for release to home confinement through [the BOP]" but "has not made an administrative request . . . for compassionate release." Doc. 148, p. 2. As the government notes, the request for home confinement cannot be held to exhaust a request for compassionate release since the two forms of relief are analyzed under different criteria and subject to different review processes within the BOP. *See* 18 U.S.C. § 3624(c) (home confinement provisions); *see also* Pub. L. 116-136, § 12003(b)(2) (CARES Act provision extending home confinement). Additionally, as other courts in this district have held, the COVID-19 situation does not create an exception to the statutory exhaustion requirements. *E.g.*, *United States v. Wright*, 2020 WL 1976828, at *3 (W.D. La. Apr. 24, 2020). Accordingly, the request for compassionate release is unexhausted and the court is without jurisdiction to consider it.

### III.
#### CONCLUSION

For the reasons described above, Mr. Grice's Motion for Compassionate Release is **DENIED**, without prejudice to his right to renew it upon a showing of administrative exhaustion.

**THUS DONE AND SIGNED** in Chambers on this 21st day of May, 2020.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**